UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| PIERRE LAMAR JORDAN, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:20-CV-236-TAV-HBG |
| | ) | 3:16-CR-145-TAV-HBG-2 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

# MEMORANDUM OPINION

Petitioner Pierre Jordan has filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 1].[1] The government has responded in opposition [Doc. 10], and Petitioner replied [Doc. 11]. Because, based on the record before the Court, it plainly appears that Petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[2] and the motion will be **DENIED**.

**I.     Background[3]**

Petitioner and three accomplices robbed a cell-phone store at gunpoint, restraining employees and customers with zip ties and stealing several new cell-phones [Doc. 74 ¶ 3].

---

[1] Petitioner filed a letter in the case [Doc. 8] requesting appointment of counsel to assist with compassionate release. The Court notes that Standing Order 21-09 appoints Federal Defender Services of East Tennessee ("FDSET") to assist defendants in appropriate cases. However, a compassionate release would be the subject of a separate motion which has not yet been filed.

[2] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

[3] Citations in this section refer to the criminal case, 3:16-CR-145-2.

He pleaded guilty to aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2 and aiding and abetting the brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) and (2) [*Id.* ¶ 1]. His plea agreement contained a waiver provision stating that he will not file any "motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the . . . conviction(s) or sentence, with two exceptions" for "prosecutorial misconduct" and "ineffective assistance of counsel" [*Id.* ¶ 9(b)]. Petitioner was subsequently sentenced to 117 months' imprisonment [Doc. 160]. In June 2020, Petitioner filed the present motion collaterally attacking his sentence under 28 U.S.C. § 2255 [Doc. 216].

## II.    Analysis

Petitioner raises several grounds, all of which center around his § 924(c) conviction and his argument that the conviction should be vacated in light of *United States v. Davis*, 139 S. Ct. 2319 (2019) [Doc. 2 p. 15]. He also suggests that his counsel was constitutionally ineffective for "inducing defendant to plead guilty under an invalid and unconstitutional vague statute" [Doc. 1 p. 8]. The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of

"constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 153 (1982). For the reasons outlined below, Petitioner's claim does not justify relief.

### A. Waiver

Petitioner's plea contained two exceptions to his collateral attack waiver, but neither is applicable here. A "defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Griffin*, 854 F.3d 911, 914 (6th Cir. 2017). The Sixth Circuit has held that a defendant's "waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). "[W]here developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature." *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005). "To be a valid waiver the defendant must enter into the waiver agreement knowingly, intelligently, and voluntarily." *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). Petitioner here has not made any allegations that the

waiver was not made knowingly, intelligently, and voluntarily.[4] His waiver is therefore valid, and his challenge to the § 924(c) conviction has been waived.

### B. Merits of *Davis* challenge

Considering the merits of Petitioner's challenge, his claim must be rejected. Petitioner argues that his § 924(c) conviction and sentence must be vacated after *Davis* because the residual clause, 18 U.S.C. § 924(c)(3)(B), is unconstitutionally vague, the government lacked jurisdiction to accept a guilty plea under this vague statute, the law failed to give warning of mandatory penalties given that the statute was invalid, and keeping an unconstitutional sentence is a miscarriage of justice [Doc. 2 p. 2]. However, *Davis* does not impact Petitioner's conviction. A crime of violence is defined in two ways: a felony that (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or (B) "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). *Davis* invalidated subsection B as unconstitutionally vague but did not affect the use-of-force clause in subsection A. Accordingly, a § 924(c) conviction may still be lawful so long as the crime of violence qualifies under § 924(c)(3)(A). In *United States v. Richardson*, the Sixth

---

[4] Petitioner argues that due to ineffective assistance for failure to inform defendant of the illegal and vague nature of § 924(c) as held in *Davis*, his plea was not voluntary and intelligently entered [Doc. 2 p. 7]. However, for the reasons discussed below, *Davis* offers Petitioner no relief, and Petitioner's counsel was not ineffective for failing to tell him of a potential challenge to § 924(c)(3)(B). Therefore Petitioner has not alleged any facts that would affect the voluntariness of his plea, as he was aware of all relevant provisions as written in the plea agreement and confirmed by this Court, consistent with the Court's practices to strictly adhere to Rule 11 of the Federal Rules of Criminal Procedure.

Circuit concluded that aiding and abetting Hobbs Act robbery is a crime of violence under subsection A. 948 F.3d 733, 742 (6th Cir. 2020). Therefore, because aiding and abetting Hobbs Act robbery was the predicate for Petitioners § 924(c) conviction and the conviction qualifies under § 924(c)(3)(A), not § 924(c)(3)(B), *Davis* offers no relief in this case. Accordingly, Petitioner's arguments must be rejected.

C. **Ineffective Assistance of Counsel**

Petitioner suggests that counsel was ineffective for "inducing defendant to plead guilty under an invalid and unconstitutional vague statute" [Doc. 1 p. 8]. Claims of ineffective assistance of counsel are cognizable under § 2255. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003). The Sixth Amendment guarantees criminal defendants the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner alleging ineffective assistance of counsel must fulfill two criteria in either order. First, a petitioner must establish that his counsel's performance was deficient, that is, falling "below an objective standard of reasonableness . . . under prevailing professional norms." *Id.* at 688. Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689.

Second, a petitioner must show that his attorney's deficient performance prejudiced his defense, in the sense that "but for [counsel's error,] the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. If a petitioner fails to establish both deficiency and prejudice, the claim must be rejected. *Id.* at 697. Thus, "the inability to

5

prove either one of the prongs – regardless of which one – relieves the court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (*en banc*).

Here, Petitioner is unable to prove deficient performance. Counsel is not held ineffective for failure to predict or anticipate changes in the law. *E.g.*, *Thompson v. Warden, Belmont Corr. Inst.,* 598 F.3d 281, 288 (6th Cir. 2010); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) ("reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop."). This is so even if there are conflicting lower court opinions on the issue. *Lott v. Coyle*, 261 F.3d 594, 609 (6th Cir. 2001). If an issue is clearly foreshadowed by existing decisions, counsel's failure to raise that issue may constitute ineffective assistance. *Lucas v. O'Dea*, 179 F.3d 412, 420 (6th Cir. 1999).

Given that the Fifth Circuit initially rejected the vagueness argument in *United States v. Davis* and the Supreme Court only struck down similar language from another statute in April 2018 in *Sessions v. Dimaya*, the outcome of *Davis* was not obvious at the time Petitioner's case was pending and he was deciding whether to plead guilty. *See United States v. Davis*, 903 F.3d 483 (5th Cir. 2018); 138 S. Ct. 1204 (2018). Petitioner has not demonstrated this is one of those "rare cases" in which counsel is ineffective for failing to raise an issue which had yet to be resolved but was clearly foreshadowed by existing decisions. *See Thompson*, 598 F.3d at 288. Further, even if counsel had believed the residual clause was invalid and could have predicted the outcome of *Davis*, Petitioner's offense still qualifies as a crime of violence under § 924(c)(3)(A), as discussed above.

6

Foreshadowing *Davis* therefore would be of no consequence to Petitioner's case, and counsel would not be ineffective for failing to share this information with Petitioner at the time of pleading guilty in March 2018. Petitioner is therefore unable to show that his attorney's performance was constitutionally ineffective, and this claim is rejected as meritless.

## III. Conclusion

For the reasons explained above, Petitioner is not entitled to relief under 28 U.S.C. § 2255, his motion to vacate, set aside or correct his sentence [Doc. 1] will be **DENIED**, and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Moreover, because Petitioner has not made a substantial showing of the denial of a constitutional right and jurists of reason would not dispute the above conclusions, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE